JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEITH CAMPBELL, ) | Case No. CV 09-01766-GAF (VBK) |
| Petitioner, ) | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., ) | |
| Respondents. ) | |

On March 5, 2009, Keith Campbell (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 in the United States District Court for the Eastern District of California. On March 13, 2009, an Order transferring the action to the United States District Court for the Central District of California was issued by United States Magistrate Judge Kimberly J. Mueller.

On March 18, 2009, an Order Dismissing Petition with Leave to Amend was issued by United States Magistrate Judge Victor B. Kenton. The Court's initial review of the Petition reveals that it suffers from the following deficiencies: (1) the Petition does not name the

proper Respondent pursuant to Rule 2(a) of the Rules Governing §2254 Cases; (2) the Petition was not signed under penalty of perjury by the Petitioner in violation of 28 U.S.C. §2242 and Rule 2(c)(5) of the Rules Governing §2254 Cases; and (3) it appears that Petitioner has not exhausted his state remedies.  Petitioner was granted leave to file a First Amended Petition curing the deficiencies within 30 days.

As of the date of this Memorandum and Order, Petitioner has failed to respond to the Court's Order.

It appears conclusively from the face of the Petition that state remedies have not been exhausted.  There is no indication in the Petition whatsoever that the California Court of Appeal or California Supreme Court have been given an opportunity to rule on Petitioner's contentions.

A federal court will not review a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies on each and every claim presented. 28 U.S.C. §2254(b) and (c); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see Rose v. Lundy, 455 U.S. 509, 522 (1982).  "For reasons of federalism, 28 U.S.C. §2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state.  Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716 F.2d 635, 636-37 (9th Cir. 1983). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Anderson v.

```
 1  Harless, 459 U.S. 4, 6 (1982); Pappageorge v. Sumner, 688 F.2d 1294
 2  (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).
 3      ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without
 4  prejudice.
 5
 6  DATED: April 28, 2009            _____
 7                                   GARY A. FEESS
                                     UNITED STATES DISTRICT JUDGE
 8
 9  Presented on this 27th day of
    April, 2009 by:
10
11          /s/
    _____
    VICTOR B. KENTON
12  UNITED STATES MAGISTRATE JUDGE
```